UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY CHARLES STACKHOUSE,

        Petitioner,               Case Number 13-11519
                                                      Honorable David M. Lawson

v.

PAUL KLEE,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Larry Charles Stackhouse seeks a writ of habeas corpus under 28 U.S.C. § 2254, contending that his conviction for domestic assault, third offense, Mich. Comp. Laws § 750.81(4), was obtained in violation of his constitutional rights. The petitioner has been released on parole. He challenges his conviction on the grounds that the prosecutor committed misconduct and he received ineffective assistance of counsel. The respondent has filed an answer to the petition contending that the petitioner's first claim was not preserved properly in the state courts, and both of his claims are meritless. The Court finds that the petitioner's claims lack merit. The Court, therefore, will deny the petition.

I.

The petitioner was convicted as set forth above following a jury trial in Cheboygen County, Michigan circuit court. The Michigan Court of Appeals accurately summarized the evidence adduced at trial as follows:

> Melissa Brilly testified that in April 2010, she and her boyfriend, Stackhouse, with whom she was living at the time, had an argument. Brilly claimed that Stackhouse had been talking to another woman, and Brilly wanted to see his phone. Stackhouse resisted, but Brilly persisted, the result of the struggle being that the phone broke in half. Brilly testified that Stackhouse then pushed her against some steps, knocked

      her down, and struck her arm with a metal dog cage.  Brilly continued that, after she stood back up, Stackhouse started choking her.  Brilly elaborated that she could not breathe and so dug into his arm with her nails, to which Stackhouse retaliated by biting her on the top of her hand, breaking the skin.  Brilly testified that the fracas continued into the kitchen, where Stackhouse dumped chicken grease on her, she slipped on the floor, and Stackhouse kicked her all over her body, including her head. Brilly stated that she retreated to a bedroom, where she called a friend.  Brilly explained that she initially hesitated to talk to the police because she had an outstanding warrant related to some bad checks and because she did not want to get Stackhouse into trouble.

*People v. Stackhouse,* No. 301207, 2012 WL 130414, at *1 (Mich. Ct. App. Jan. 17, 2012).

      The petitioner was sentenced on November 9, 2010 as a fourth habitual offender to three to 15 years in prison.  He filed a direct appeal in the Michigan Court of Appeals, raising these claims: (A) the prosecutor engaged in misconduct by shifting the burden of proof, vouching for the credibility of the victim, and arguing facts not in evidence; and (B) counsel was ineffective by failing to object to prosecutorial misconduct and failing to renew the objection during sentencing. The Michigan Court of Appeals affirmed the petitioner's convictions.  *Stackhouse*, 2012 WL 130414.

      The petitioner filed an application for leave to appeal in the Michigan Supreme Court.  He raised the same claims raised in the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal, *People v. Stackhouse*, 491 Mich. 945 (Mich. June 25, 2012), and denied reconsideration of that order, *People v. Stackhouse*, 492 Mich. 871 (Mich. Sept. 4, 2012).

      The petitioner then filed this habeas corpus petition. He raises the same claims raised in state court.  The respondent filed an answer contesting the merits of the petition, and raising a procedural default defense for the prosecutorial misconduct claims.

      The Court finds it unnecessary to address the question of procedural default.  It is not a jurisdictional bar to review of the merits of an issue, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th

Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Application of a procedural bar would not affect the outcome of this case, and it is more efficient to proceed directly to the merits.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). Because Stackhouse filed his petition after the AEDPA's effective date, its standard of review applies. Under that statute, if a claim was adjudicated on the merits in state court, a federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, --- U.S. ---, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Dewald v. Wriggelsworth*, 748 F.3d 295, 298-99 (6th Cir. 2014); *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011).

A.

The petitioner argues that the prosecutor engaged in the following instances of misconduct: she (1) shifted the burden of proof to the defense during jury *voir dire* and closing argument; (2)

vouched for the credibility of the victim; (3) argued facts not in evidence in her closing argument; and (4) improperly appealed to jurors' emotions.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, --- U.S.---, 132 S. Ct. 2148, 2153 (2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Ibid.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). In assessing the petitioner's claims under 28 U.S.C. § 2254, this Court must ask whether the Michigan Court of Appeal's decision denying the petitioner's prosecutorial misconduct claims "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* at 2155 (quoting *Harrington*, 562 U.S. at 103).

1.

In his criticism of the prosecutor for improperly shifting the burden of proof during jury *voir dire*, the petitioner points to the following comments:

Prosecutor:   I'm not sure which of you ladies has a bag. I see Ms. Parkey you've got a bag there. What if I ran up to you and snatched your bag and ran out of the courtroom and you all see me and I'm on videotape and do I still have a right to a trial if I'm charged with a crime for that?

Juror:   Still have that right.

Prosecutor:   I do. Is that automatically in and of itself evidence that I'm innocent?

Juror:   No.

Trial Tr. at 24 (Sept 7, 2010).

The Michigan Court of Appeals held that the prosecutor's comment did not shift the burden of proof. The state court reasoned that the "prosecuting attorney was speaking of actual innocence, not the legal presumption of innocence." *Stackhouse*, 2012 WL 130414, at *1. The state court noted that immediately before this hypothetical example the prosecutor reminded the jury that the petitioner had the right to a trial and the right to be presumed innocent throughout the entire trial. The Michigan Court of Appeals concluded that the prosecuting attorney was making the permissible point that "if being on trial was not evidence of guilt, neither was the presumption of innocence itself *evidence* of innocence." *Ibid.* (emphasis in original). Moreover, the state court found the trial court's instructions to the jury about the presumption of innocence "should have avoided any misapprehension on the part of the jurors." *Id.* at *2.

The trial court's decision was not contrary to or an unreasonable application of *Darden*. The prosecutor's comments, although perhaps atypical, did not suggest that the defendant had any obligation to prove his innocence. Nor did they suggest that the prosecutor was relieved of proving guilt beyond a reasonable doubt.

The petitioner also argues that the prosecutor improperly shifted the burden of proof in her closing argument with the following argument:

> [T]he fact that the defendant is on trial today or requested a trial isn't in and of itself evidence that he is innocent.

Trial Tr. at 183 (Oct. 1, 2010).

The Michigan Court of Appeals failed to address this portion of the petitioner's prosecutorial misconduct claim. A claim that has been adjudicated on the merits in state court must be analyzed under the AEDPA's deferential standard of review; a claim that has been presented to the state court but not adjudicated is reviewed *de novo. Johnson v. Williams*, --- U.S. ---, 133 S. Ct. 1088, 1097

(2013) ("The language of 28 U.S.C. § 2254(d) makes it clear that this provision applies only when a federal claim was adjudicated *on the merits* in State court."). In this instance, the Court need not decide whether the Michigan Court of Appeals's opinion constitutes an "adjudication on the merits," because even under fresh review, the petitioner has failed to show prosecutorial misconduct.

The prosecutor's remark in closing did not shift the burden of proof to the petitioner. As with the comments made during *voir dire*, the prosecutor emphasized that the presumption of innocence is not in and of itself evidence of innocence. The prosecutor reminded the jury that it was her burden to prove each element of the crime beyond a reasonable doubt. She did not suggest that the petitioner bore any burden to prove his innocence. Additionally, the trial court instructed the jury about the presumption of innocence and the burden of proof, and it told the jury that if an attorney said something contrary to the court's instructions the jury must follow the court's instructions. Even if the prosecutor's comment confused the jury, the trial court's instruction would have cured the confusion. Although the prosecutor's practice of discussing proof of innocence is unconventional and ought to be discouraged, the conduct did not "'so infecte[d] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Parker*, 132 S. Ct. at 2153 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

2.

The petitioner argues that the prosecutor also engaged in misconduct when she vouched for the credibility of the victim during her closing argument:

> [Brilly] was honest and she was truthful.
> . . .
> [Brilly] knew all along that she could be arrested on the outstanding warrant that she had and go to jail, which she did and she pled guilty for — to and took responsibility for, so I think that those charges — or that case doesn't mean that she's being untruthful with you today about what happened on April 20th and I think she

>
> deserves some credit for holding herself accountable for her own poor choices in the past. . . .
> [S]he told you the truth about this experience and you can believe her.

Trial Tr. at 206, 208, 210 (Oct. 1, 2010).

Prosecutors may not vouch for a witness's credibility. Improper vouching occurs when the jury reasonably could believe that the prosecutor was expressing a personal belief in the witness's credibility. *United States v. Causey*, 834 F.2d 1277, 1283 (6th Cir. 1987). "Generally, improper vouching involves either blunt comments, or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999) (citations omitted); *see also Griffin v. Berghuis*, 298 F. Supp. 2d 663, 674-75 (E.D. Mich. 2004).

Prosecutorial vouching "pose[s] two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." *United States v. Young*, 470 U.S. 1, 18-19 (1985). A prosecutor may not express a personal opinion concerning the credibility of trial witnesses because such personal vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocate's role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." *Caldwell v. Russell*, 181 F.3d 731, 737 (6th Cir. 1999). However, a prosecutor is free to argue that the jury should arrive at a particular conclusion based upon the record evidence. *Ibid.*

The Michigan Court of Appeals held that the prosecutor's argument was not improper. The state court recognized the applicable law, including that a prosecutor may not vouch for a witness's credibility or imply that she has some special knowledge about a witness's truthfulness. The quoted comments, the court found, did not imply some special knowledge. The prosecutor's use of the first-person rendered her arguments personal in nature, but the court of appeals held that "those momentary lapses fell short of implying personal knowledge beyond the evidence or invoking the prestige of the prosecutor's office." *Stackhouse*, 2012 WL 130414, at *2. This Court agrees. The prosecutor's choice of language was unfortunate, but no reasonable jurist would conclude that her words implied a personal insight into the witness's motive to lie or tell the truth. Much less could a court conclude that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

"[T]he *Darden* standard is a very general one, leaving courts 'more leeway . . . in reaching outcomes in case-by-case determinations.'" *Parker*, 132 S.Ct. at 2155 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Although the prosecutor's use of the first person was imprudent, the prosecutor did not imply that she had some special information about Brilly's testimony or credibility. Instead, considered in its entirety, the prosecutor's argument asked the jury to consider Brilly's motives for testifying and pointed out that she testified at considerable detriment to herself. The prosecutor's argument provoked no federal constitutional violation.

3.

The petitioner argues that the prosecutor committed misconduct when she argued that Brilly's testimony was imprecise as to specific times and the sequence of events because she had

been kicked in the head and was in a significant amount of pain. The petitioner insists this argument was improper because no evidence was presented that Brilly suffered from any resulting memory impairment. The Michigan Court of Appeals rejected this claim, finding that the prosecutor was permitted to argue the reasonable inference that because the petitioner had been kicked in the head her memory of the incident was impacted. *Stackhouse*, 2012 WL 130414, at *3.

"[P]rosecutors can argue the record, highlight the inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence." *Bates v. Bell*, 402 F.3d 635, 646 (6th Cir. 2005). The prosecutor's argument can fairly be viewed in that light. It was not improper for the prosecutor to ask the jury to consider the impact of the physical assault on Brilly's memory. The state court's decision that no prosecutorial misconduct occurred was not "so far out of line with the very general standard" established in *Darden* as to entitle the petitioner to habeas relief. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011) (en banc).

4.

Finally, the petitioner contends that the following argument from the prosecutor improperly appealed to the emotions of the jurors:

> But he's making bad choices on this date and to use Mr. Stackhouse's own words what kind of man pours grease on a woman? Those are his words to Trooper Pionk according to Trooper Pionk's testimony. Well, you know who does that? Someone like Mr. Stackhouse and it's done to degrade and humiliate her — his in[ti]mate partner.

Trial Tr. at 211 (Oct. 1, 2010).

A prosecutor acts improperly when the prosecutor "calls on the jury's emotions and fears — rather than the evidence — to decide the case." *Johnson v. Bell*, 525 F.3d 466, 484 (6th Cir. 2008). The prosecutor's argument in this case simply advanced in closing the petitioner's own question to

the police officer. The prosecutor's remarks do not appear designed to appeal to the jury's emotions and did not ask the jury to convict on the basis of emotions. The argument did not amount to misconduct.

B.

The petitioner contends that he received constitutionally deficient assistance of legal counsel because his lawyer at trial (1) failed to object to prosecutorial misconduct; and (2) failed to object during sentencing to the reading into the record of a statement from the victim.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs the Court's analysis of ineffective-assistance-of-counsel claims. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). "[A] defendant must show both deficient performance and prejudice in order to prove that he has received ineffective assistance of counsel." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Because of the high deference accorded state court determinations by AEDPA, establishing that counsel was ineffective and, therefore, the petitioner was denied his right to counsel under the Sixth Amendment is difficult. The Supreme Court explained in *Richter* that

> "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). . . . The question is whether an attorney's representation

> amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S. at 690.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id*., at 689, 104 S. Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at 123. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. *Ibid*. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Richter*, 562 U.S. at 105.

In other words, on habeas review, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'" *Knowles*, 556 U.S. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Moreover, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Ibid*. (citing *Alvarado*, 541 U.S. at 664).

The Michigan Court of Appeals rejected the petitioner's argument that his lawyer was ineffective by not objecting to the prosecutor's conduct on the ground that no prosecutorial misconduct occurred and counsel could not be ineffective by failing to object. *Stackhouse*, 2012 WL 130414, at *3. As discussed above, the petitioner has not shown that the prosecutor engaged in misconduct. Therefore, he cannot show that his attorney was ineffective by not objecting to proper conduct.

The petitioner also argues that counsel should have renewed his objection to a victim impact statement that was to be read during sentencing by a victim advocate from the prosecutor's office.

-12-

The issue first arose in connection with the scoring of offense variable 4, which relates to psychological injury to the victim. Defense counsel objected to the prosecution's expressed intent to introduce an oral impact statement from Brilly which would have substantiated her need for psychological counseling on the ground that the statement was addressed to the victim advocate and would not be read by the victim. The trial court agreed with defense counsel's argument that an evidentiary hearing was necessary. However, after a brief recess, defense counsel withdrew his objections regarding offense variable 4, and the statement was read by the victim advocate. In the statement, Brilly stated her fear of the petitioner and that because of this fear she was seeking mental health treatment. She requested that the petitioner be sentenced to the maximum allowable sentence.

The Michigan Court of Appeals found that defense counsel had nothing to gain by renewing his objection and pursuing an evidentiary hearing on the scoring of offense variable 4. The state court foresaw that an evidentiary hearing would have confirmed rather than challenged the authenticity of the statement. *Stackhouse*, 2012 WL 130414, at *4. The statement echoed Brilly's trial testimony and provided little in the way of new information. Additionally, the statement was not "more dramatic or emotional in nature than countless other statements of victims of assaultive crimes when they are invited to address a sentencing court." *Ibid*.

The Michigan Court of Appeals's determination that no deficient performance occurred accords with *Strickland.* Counsel is not required to pursue every conceivable objection. It is reasonable for an attorney to decline to pursue an objection when the objection offers no discernible advantage for a defendant. The petitioner has not shown here that his attorney was ineffective or that he was prejudiced by his attorney's failure to renew his objection.

III.

For the reasons stated, the Court finds that the petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: July 9, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 9, 2015.

                                      s/Susan Pinkowski
                                      SUSAN PINKOWSKI